UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Respondent-Plaintiff,<br><br>v.<br><br>Brian Charles Holmers,<br>a/k/a Wally,<br><br>　　　　Petitioner-Defendant. | Criminal No. 14-00167 (DWF/LIB)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

Andrew H. Mohring, Office of the Federal Defender, counsel for Defendant.

Andrew S. Dunne, Craig R. Baune, and Thomas Calhoun Lopez, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

**INTRODUCTION**

This matter is before the Court on Defendant Brian Charles Holmers's ("Holmers") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] (Doc. Nos. 65, 68 ("Motion").) The United States of America (the "Government") does not oppose Holmers's Motion; however, it does recommend that Holmers's release be pursuant to stringent conditions. (Doc. No. 74.)) For the reasons set forth below, the Court grants Holmers's Motion.

---

[1] Holmers filed two consecutive motions asserting the same arguments. (*See* Doc. Nos. 65, 68.) On June 3, 2020, Holmers was appointed an attorney who also filed a motion on his behalf. (Doc. Nos. 72, 73.) For the sake of simplicity, the Court refers to the totality of Holmers's filings as a single motion.

## BACKGROUND

On May 21, 2014, Holmers was charged with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 ("Count I"), and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count II"). (Doc. No. 1.) Holmers entered a plea of guilty to Count I on August 7, 2014. (Doc. No. 35.) On April 8, 2015, the Court sentenced him to a term of 120 months' imprisonment, and a term of 5 years of supervised release.[2] (Doc. No. 53 ("Sentencing Judgment").)

Holmers is currently 42 years old and serving his sentence at FCI Oxford in Wisconsin. Inmate Locator, *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 2, 2020). His scheduled release date is October 5, 2021. (*Id.*)

Holmers now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the ground that he: (1) suffers from multiple chronic health problems that make him uniquely susceptible to the Covid-19 virus; (2) has had no disciplinary conduct while incarcerated; (3) has a release plan; and (4) his sentence is nearing completion.[3] (*See* Motion.) Specifically, Holmers asserts that he has an elevated body

---

[2] On May 16, 2016, Holmers filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 58.) The Court denied his motion on July 28, 2016. (Doc. No. 63.)

[3] An investigative report conducted by Probation and Pretrial Services confirmed Holmers's clean disciplinary record and the details of his release plan. (Doc. No. 70 ("Report").)

mass index, and that he suffers from high blood pressure, hypothyroidism, sleep apnea, anxiety, and depression. (*Id.*; *see also* Doc. No. 69, Ex. B ("Medical Records").) Holmers also asserts that he has completed over 1000 hours of voluntary programming while incarcerated, serves as a coach/mentor in the Residential Drug Abuse Program, and is eligible for release to a halfway house in less than 6 months. (*Id.*)

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that: (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement".[4] USSG § 1B1.13

---

[4] While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to applies to motions filed by defendants.

("Statement"). The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[5] *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[6] *Id.*

Here, the record reflects that Holmers requested and was denied compassionate release from the warden at FCI Oxford on April 17, 2020. (Doc. No. 69, Ex. A ("Denial").) Because Holmers has exhausted his administrative relief, the Court considers Holmers's Motion on the merits.

---

[5] The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia. (Statement.)

[6] While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

In light of the Covid-19 pandemic, and after a careful review of Holmers's Motion and supporting documentation including his Medical Records, the Report, and noting the Government's lack of objection, the Court finds that Holmers's circumstances are sufficiently extraordinary and compelling to warrant immediate release. Moreover, the Court finds that a combination of conditions will reasonably ensure the safety of the community, and that a reduction of sentence is consistent with the Statement. The Court therefore grants Holmers's Motion subject to the following conditions: (1) all conditions set forth in Court's Sentencing Judgment; and, (2) up to 180 days in home detention will be specified in the Order below. To ensure Holmers's health and safety upon release, including ensuring continuity of care in light of Holmers's medical conditions and allowing for any potential quarantine, the Court authorizes the Board of Prisons to follow its own internal procedures to coordinate Holmers's release provided that he is released on or before June 22, 2020.

The Court commends Holmers for his exemplary prison record, and strongly encourages him to remain law-abiding upon release. Moreover, based upon the record before the Court, including the letters the Court has received from Defendant's mother and grandmother, Mr. Holmers has very compelling reasons to live a life consistent with his conditions of supervised release and in so doing to set an example for his children as well as be a good son and grandson. If Mr. Holmers does these things, he will live the life he wants to live and set an example for others.

## CONCLUSION

For the reasons set forth above, and subject to strict conditions, the Court finds that extraordinary and compelling reasons warrant Holmers's release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner-Defendant Brian Charles Holmers's *pro se* Motions for Release (Doc. Nos. [65], [68]) are **GRANTED** as set forth below:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court reduces the term of Holmers's term of incarceration such that he is released from the custody of the Bureau of Prisons on or before June 22, 2020.

2. Holmers is placed on supervised release and the Court re-imposes the terms and conditions of supervised release as set forth in the April 8, 2015 Sentencing Judgment (ECF No. [53]) with the following amendments:

    a. Holmers shall begin his supervised release by serving up to 180 days in home detention at his mother's home, which has been previously approved by the United States Probation Office;

    b. During home detention, Holmers shall be restricted to his residence at all times except for: employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances;

court-ordered obligations; or other activities as pre-approved by the probation officer; and

   c. In its discretion, the United States Probation Office may utilize appropriate location monitoring technology to ensure Holmers's compliance with home incarceration.

Date: June 5, 2020               s/Donovan W. Frank
                       DONOVAN W. FRANK
                       United States District Judge